JOHN S. DOLAN *vs.* UNITED ELECTRIC RAILWAYS CO.
OCTOBER 22, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. In this action of trespass on the case for negligence which was tried in the superior court before a justice thereof and a jury, the latter returned a verdict for the plaintiff for $2183.16. Thereafter the defendant's motion for a new trial was granted by the trial justice, and to this ruling the plaintiff prosecuted his exception to this court.

The record shows that the accident in issue happened on Smith street in Providence, between noon and one p. m., on January 7, 1924. The case was tried in the superior court in January 1927, the defendant's motion for a new trial was heard and granted in that same month and the plaintiff's bill of exceptions was seasonably filed and allowed. There-

after nothing further was done in the case by the plaintiff or on his behalf until March 1935, when his death was suggested upon the record and an appearance was entered by the executor of his will, who is now pressing the exception in question.

It appears from the evidence that an automobile owned and operated by the plaintiff was in collision with one of the defendant's trolley cars, the front bumper of the automobile coming into contact with the left side of the front vestibule of the electric car. The evidence is conflicting as to how this accident occurred. Smith street is 40 feet wide between curbs at the place where it happened and there are two sets of car tracks located toward the center of the highway. The distance from the southerly curb of Smith street to the most southerly rail is 12 feet, and the distance from the same curb to the southerly rail of the northerly set of tracks is approximately 21 feet 8 inches. It is admitted that at the time of the accident the pavement and the rails were both somewhat slippery.

The plaintiff's evidence was that at or about the place of the accident certain automobiles were parked, facing easterly, along the southerly side of Smith street; that the deceased was proceeding easterly on that street toward the center of Providence and was following rather closely another automobile going in the same direction and which apparently was about to park in an open space against the southerly curb, but which eventually did not do so but continued on its way; that when this other automobile slowed down and turned as if to park, the deceased stopped his automobile with its left wheels between the rails of the southerly track, and then, when the other automobile proceeded, found himself confronted by the defendant's trolley car, which was proceeding in a westerly direction and was approaching him at some distance away on the southerly track, being its left-hand set of tracks, which would normally be

used by electric cars going toward the center of the city and not away from it. The deceased testified that the defendant's motorman failed to stop the electric car, and that before the deceased could do anything further the accident took place, forcing his automobile against one of the machines parked at the southerly curb.

The deceased presented as a witness a friend who conducted a store several hundred feet distant from the place of the collision and who did not see the accident happen, but came out of his store when he heard the noise of the impact. He did corroborate the deceased as to the location of the latter's automobile after the occurrence. However, he first testified that the electric car was traveling westerly on its right-hand or northerly track, but afterwards placed the trolley car on the southerly or its left-hand track. The deceased offered no satisfactory explanation to account for the fact that the electric car was, as he contended, on this last-mentioned track. His automobile was not greatly damaged, but he claimed personal injuries and considerable time lost from his business because of the accident. Although attended by a physician, he produced no medical testimony whatever to substantiate his contention, nor did any members of his family or his intimate friends give evidence as to his physical condition, or loss of time following the collision.

The defendant's motorman, on the other hand, testified in substance that the electric car was proceeding westerly on the northerly or its right-hand track as usual; that as he neared the place of the accident, he received a signal from a passenger to stop the car and that he shut off the power and slowed down; that an automobile about 50 or 60 feet distant seemed to start away from the southerly curb and that he then saw the deceased's automobile coming toward the electric car and almost in front of it; that the deceased's automobile appeared to skid into the left front corner of the electric car; that the latter and the automobile were both in motion when the collision took place and that the electric car

was stopped almost immediately thereafter. The testimony of the defendant's motorman was corroborated in its essential parts by the evidence of three witnesses who were passengers on the electric car in question.

When a trial justice has granted a new trial on the ground that the verdict is against the fair preponderance of the evidence, the rule to be applied by this court in passing upon an exception to his decision is well established. Such an exception will not be sustained unless it is made to appear that the decision of the trial justice is clearly erroneous. *Simmons* v. *Simmons,* 56 R. I. 222, and cases cited. Unfortunately, in the instant case, the trial justice granted the defendant's motion for a new trial without stating his reasons for so doing. We have, therefore, been compelled to make an independent examination of the evidence introduced without reference to his decision, which, under the circumstances, is not entitled to the usual weight and consideration.

After such an examination, however, we have come to the conclusion that the decision of the trial justice in granting the defendant's motion for a new trial was without error. We are of the opinion, from the whole record herein, that justice requires that another trial be had of the issues involved in this case. In view of this determination, it is not necessary or advisable to further discuss at this time the evidence in detail, or to make additional comment upon the testimony of the various witnesses.

The plaintiff's exception is overruled and the case is remitted to the superior court for a new trial.

*William M. Connell, Edward W. Bradford,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.